**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ERIC WARD,**                                                                                           **PETITIONER**

**V.**                                                                                            **NO. 4:05CV152-P-B**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL,**              **RESPONDENTS**

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR APPOINTMENT OF COUNSEL

This *pro se habeas corpus* petition was dismissed on June 30, 2005, for failure to exhaust available state court remedies. On July 18, 2005, petitioner filed a motion for reconsideration and a motion for appointment of counsel. The court will treat the motion for reconsideration as a Rule 60(b) motion for relief from judgment.

Petitioner states that he was attempting to challenge the conditions of his confinement rather than the fact or duration of his confinement. Although he does not so specify, he is clearly arguing that the case should have been treated as a § 1983 complaint rather than a petition for habeas corpus. However, the pleading was filed on a form that is used for habeas corpus petitions, the heading stated that it was a habeas corpus petition, the form stated that Ward felt he was entitled to relief because his conviction had occurred as the result of the improper suppression of evidence, ineffective assistance of counsel, and was a "miscarriage of justice." At the end of the petition, Ward included several condition of confinement complaints, but clearly the pleading was a habeas corpus petition, and he has included no basis for setting aside the dismissal of the petition.

If Ward wants to challenge the conditions of his confinement, forms for doing so are readily available at his place of confinement. He should file the proper complaint and not include any information as to why he feels he was improperly convicted. He must also pay the statutory filing

fee of $250.00 or, if he is unable to pay the filing fee, submit an application to proceed *in forma pauperis*. If he does so, he should file it as a new case, and not include a case number.

Petitioner has stated no grounds for the appointment of counsel. If he wants counsel appointed to represent him in a 1983 complaint, he must so move at the time he files the complaint or at some point afterward. The habeas corpus petition has been dismissed and any motion to appoint counsel purposes of prosecuting a habeas corpus petition are moot. Accordingly, the motion for relief from judgment and the motion to appoint counsel are both **denied**.

**SO ORDERED**, this the 18th day of July, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE